NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ATIYA WAHAB, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 3:18-cv-6067-BRM-LHG |
| STATE OF NEW JERSEY, *et. al*, | : | **OPINION** |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) Defendants State of New Jersey, New Jersey Department of Environmental Protection ("NJDEP"), Gurbir Grewal ("Attorney General Grewal"), and Phil Murphy's ("Governor Murphy") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 4); and (2) Wahab's Cross Motion for a Preliminary Injunction. (ECF No. 9-1). Both motions are opposed. (ECF Nos. 9-1 and 10.) Having reviewed the submissions filed in connection with the motions and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Defendants' Motion to Dismiss is **GRANTED** and Wahab's Motion for Preliminary Injunction is **DENIED** as **MOOT**.

**I.     BACKGROUND**

For the purpose of this Motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Wahab. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document

*integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

Wahab is "a female, her ethnicity is Bengali; her country of origin is Bangladesh; her race is South Asia; her skin color is brown and her religion is Islam." (ECF No. 1-2 ¶ 9.) Wahab has been employed by NJDEP since May of 1986. (*Id.* ¶ 10.) In 2012, Wahab filed a Complaint against the NJDEP, the State of New Jersey, Gwen Zervas, Pam Lyons, and Deborah Figuero alleging "discrimination and retaliation and a failure to monitor and enforce policies to prevent incidents of unlawful discrimination and seeking injunctive, compensatory and punitive damages." (*Id.* ¶ 12.) This action is currently pending in the United States District of New Jersey under Civil Action Number 12-6613. (*Id.* ¶ 13.) In that underlying case, Wahab filed a Motion to Compel, seeking to compel NJDEP "to produce documents regarding other claims of discrimination and retaliation" and to "answer questions about other claims of discrimination and retaliation" starting from three years prior to Wahab filing her first discrimination/harassment claim. (Docket No. 12-6613, ECF No. 117-1 at 1.) The defendants in that case argued Wahab's requests were confidential under N.J.A.C. § 4A:7-3.1(j).[1] (Docket No. 12-6613, ECF No. 120 at 6-7.) On October

---

[1] N.J.A.C. § 4A:7-3.1(j) states:

> All complaints and investigations shall be handled, to the extent possible, in a manner that will protect the privacy interests of those involved. To the extent practical and appropriate under the circumstances, confidentiality shall be maintained throughout the investigative process. In the course of an investigation, it may be necessary to discuss the claims with the person(s) against whom the complaint was filed and other persons who may have relevant knowledge or who have a legitimate need to know about the matter. All persons interviewed, including witnesses, shall be directed not to discuss any aspect of the investigation with others in light of the important privacy interests of all concerned. Failure to comply with this confidentiality directive may result in administrative and/or disciplinary action, up to and including termination of employment.

30, 2017, the Honorable Tonianne J. Bongiovanni, U.S.M.J. denied Wahab's Motion to Compel. (Docket No. 12-6613, ECF No. 127.)

In this matter, Wahab argues N.J.A.C. § 4A:7-3.1(j) is unconstitutional because "it infringes on employee's rights to speak publicly on matters of public concern and it constitutes a prior restraint." (ECF No. 1-2 ¶ 23.) As such, On March 14, 2018, Wahab filed a Verified Complaint and Order to Show Cause for Preliminary Injunction and Temporary Restraints in the Superior Court of New Jersey, Mercer County, alleging two counts: (1) Defendants' violated 42 U.S.C. § 1983; and (2) Defendants violated the New Jersey Civil Rights Act ("NJCRA"). (ECF No. 1-2.) On April 11, 2018, Defendants removed the matter to this Court, without the State Court having addressed Wahab's request for an Order to Show Cause for Preliminary Injunction and Temporary Restraints. (ECF No. 1.) On May 2, 2018, Defendants filed a Motion to Dismiss and Opposition to Plaintiff's Order to Show Cause. (ECF No. 4.) On May 3, 2018, the Court informed the parties that no Order to Show Cause for Preliminary Injunction and Temporary Restraints was pending before it, and gave Wahab until May 28, 2018, to file one if necessary. (ECF No. 5.) On June 4, 2018, Wahab filed a Cross Motion for Order to Show Cause and Opposition to Defendants' Motion to Dismiss. (ECF No. 9.) All motions are opposed. (ECF Nos. 9-1 and 10.)

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may

4

consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir.1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426 (emphasis in original).

### B. Preliminary Injunction

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). "A plaintiff seeking a preliminary injunction must establish that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Ferring*, 765 F.3d at 210 (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant bears the burden of showing these four factors weigh in favor of granting the injunction, and a failure to establish any one factor will render a preliminary injunction inappropriate. *Id.*

## III. DECISION

### A. 42 U.S.C. § 1983 (Count I)

Defendants' argue Wahab's claims against the State of New Jersey, NJDEP, and Governor Murphy and Attorney General Grewal, in their official capacities, must be dismissed because they are not "persons" amendable to suit under 42 U.S.C. § 1983. (ECF No. 4-1 at 5.) Wahab contends Defendants' act of removing this matter to federal court waives their Eleventh Amendment immunity. (ECF No. 9-1 at 9.)

5

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Therefore, to state a claim under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person amenable to suit under § 1983 and acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

The Court begins its analysis with whether the State of New Jersey and NJDEP are persons under § 1983. It is well-established that the State of New Jersey is not a "person" who can be sued under § 1983. *Mierzwa v. U.S.*, 282 F. App'x 973, 976 (3d Cir. 2008); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that states and state officials, acting in their official capacity, are not "persons" under § 1983); *United States ex rel. Foreman v. State of N.J.*, 449 F.2d 1298 (3d Cir. 1971) (holding that State of New Jersey is not a "person" under § 1983 and thus not amendable to suit under that statute). Likewise, NJDEP is also not a "person" subject to suit under § 1983. *Cummings v. Jackson*, No. 07-4046, 2008 WL 2625223, at *3 (D.N.J. June 30, 2008).

Wahab's argument that the State of New Jersey or NJDEP cannot be dismissed because they waived Eleventh Amendment immunity is mistaken. Although the removal of this action to federal court waives Eleventh Amendment immunity from suit in a federal forum, *see Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008) ("hold[ing that] that the Commonwealth's removal of federal-law claims to federal court effected a waiver of immunity

6

from suit in federal court"), the removal does not affect the § 1983 or NJCRA claims. *See Didiano v. Balicki*, No. 10-4483, 2011 WL 1466131, at *8 (D.N.J. Apr. 18, 2011) (explaining that a state or state entity is still not a person for § 1983 purposes regardless of whether it waived its Eleventh Amendment immunity by removing such claims to federal court), *aff'd*, 488 F. App'x 634 (3d Cir. 2012). Accordingly, Defendants' Motion to Dismiss as to the State of New Jersey and NJDEP is **GRANTED** and the parties are **DISMISSED with prejudice**.

The Court now turns its analysis to Governor Murphy and Attorney General Grewal. "A suit against a state official in her official capacity is a suit against her office, and therefore amounts to a suit against the state itself." *Brown v. Twp. of Berlin Police Dep't*, No. 08-3464, 2008 WL 5100461, at *2 (D.N.J. Nov. 25, 2008) (citing *Will*, 491 U.S. at 71). "A state, nor its officials acting in their official capacities, are 'persons' subject to suit under § 1983." *Id.* "[T]he New Jersey Attorney General acting in his official capacity is not subject to liability under Section 1983, because he is not deemed to be a person within the language of Section 1983." *Spageage Consulting Corp. v. Porrino*, No. 17-6299, 2018 WL 1169133, at *2 (D.N.J. Mar. 6, 2018); *see Jaye v. Att'y Gen. of N.J.*, 706 F. App'x 781, 783–84 (3d Cir. 2017) (holding the same), *cert. denied*, 2018 WL 491549 (Jan. 22, 2018); *Torres v. Davis*, 506 F. App'x 98, 101 (3d Cir. 2012) (same). Likewise, a governor acting in his official capacity is not subject to liability under § 1983. *Brisco v. Doe*, No. 14-5173, 2015 WL 10936049, at *2 (D.N.J. Mar. 3, 2015), *aff'd*, 615 F. App'x 745 (3d Cir. 2015). Accordingly, Defendants' Motion to Dismiss as to Governor Murphy and Attorney General Grewal in their official capacities is **GRANTED** and the parties are **DISMISSED with prejudice** in their official capacities.

Lastly, the Court turns to Governor Murphy and Attorney General Grewal in their individual capacities. To state a claim for relief under § 1983, a plaintiff must allege, first, the

violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed *or caused by a person* acting under color of state law. *West*, 487 U.S. at 48; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

In *Evancho*, the Third Circuit found the plaintiffs amended complaint failed to allege facts, that, if proven, would show Attorney General Fisher's personal involvement in plaintiff's transfer. *Id.* The court "held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." *Id.* However, the plaintiff's amended complaint failed to include any of those elements. *Id.* It did not allege any fact indicating that the Attorney General personally directed her transfer. *Id.*

"Rule 8 of the Federal Rules of Civil Procedure also requires that Plaintiff present facts sufficient to show that each Defendant would be liable for the claims presented against him or her by Plaintiff." *Hill v. Christie*, No. 14-2200, 2014 WL 4798895, at *2 (D.N.J. Sept. 26, 2014). Here, this Court finds Wahab's claims are not factually sufficient to proceed past the screening stage. Plaintiff fails to articulate the actions or omissions of Governor Murphy and Attorney General Grewal or how they allegedly violated her constitutional rights. The Complaint does not contain even a remote suggestion as to Governor Murphy and Attorney General Grewal's involvement in the deprivation of her First Amendment rights. Instead, the Complaint merely alleges Governor Murphy and Attorney General Grewal are "employed by defendant State of New Jersey" and are

8

"persons responsible for wrongful and unconstitutional conduct in violation of the Constitutions of the United States and New Jersey." (ECF No. 1-1 ¶¶ 6-8.) This amounts to nothing more than a bald assertion. Therefore, by the very limited or complete lack of facts stated in the Complaint, Plaintiff has not shown that she is entitled to relief pursuant to *Iqbal*, which requires that Plaintiff demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. at 677–79. Accordingly, Defendants' Motion to Dismiss Governor Murphy and Attorney General Grewal in their individual capacities is **GRANTED without prejudice**.

### B. NJCRA

Wahab argues the Complaint sets forth a NJCRA claim against each defendant because they deprived her of her right to free speech and expression. (ECF No. 9-1 at 11.) She further contends the NJCRA is broader and provides greater protection than § 1983. (*Id.* at 11.) Defendants' argue NJCRA is § 1983's analogue, and therefore such claim should also be dismissed. (ECF No. 4-1 at 6-7.)

Like § 1983, the NJCRA creates a cause of action against a "person acting under color of law." N.J. Stat. Ann. § 10:6-2. In this context, "person" likewise does not extend to the State itself or State agencies or officials in their official capacity. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 856 (3d Cir. 2014) ("New Jersey district courts have interpreted the NJCRA as having incorporated the Supreme Court's decision in *Will* that, for purposes of § 1983, states and state officials acting in their official capacity are not amenable to suit."); *see also Didiano*, 488 F. App'x at 637–39 (interpreting the definition of "person" in N.J.S.A § 1:1-2). Indeed, NJCRA was modeled after § 1983 and has been interpreted analogously. *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). "Therefore, the Court will analyze [Wahab's] NJCRA claims through the lens of § 1983." *Id.* For the reasons expressed in connection with the

Section 1983 analysis, Defendants' Motion to Dismiss Wahab's NJCRA claim (Count II) is **GRANTED**.

### C. Preliminary Injunction

Wahab argues preliminary injunctive relief is appropriate because "this action involves the alleged suppression of speech in violation of the First Amendment." (ECF No. 9-1 at 20.) Because the Court has granted Defendants' Motion to Dismiss, Wahab's Motion for a Preliminary Injunction is **DENIED** as **MOOT**. *See Pascarella v. Swift Transp. Co.*, 643 F. Supp. 2d 639, 653 (D.N.J. 2009) (dismissing the plaintiff's motion for a preliminary injunction as moot because the Court granted the defendant's motion to dismiss); *Twp. of W. Orange v. Whitman*, 8 F. Supp. 2d 408, 434 (D.N.J. 1998) (dismissing the plaintiff's motion for a preliminary injunction as moot because the Court granted the defendant's cross-motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6)).

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**. Wahab's Cross Motion for Preliminary Injunction is **DENIED** as **MOOT**. Wahab may file an Amended Complaint by November 14, 2018.

Date: October 31, 2018  /s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**